**FILED**

JUL - 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD s/c TONY BENNETT,<br><br>Petitioner,<br><br>v.<br><br>CAPT. HENERY; et al.,<br><br>Respondents. | No. C 06-933 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

Ansar El Muhammad s/c Tony Bennett commenced this action by filing a petition for writ of habeas corpus in which he complained about the conditions of confinement, i.e., that his right of access to the courts was denied and his right to communicate with his family rights was denied by the indigent supplies policy at his prison. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not affect the duration of his confinement.

Where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas

1  petition because challenges to terms and conditions of confinement must be brought as civil
2  rights complaint).
3      Although a district court may construe a habeas petition by a prisoner attacking the
4  conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983,
5  Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the court declines to do so here. The
6  difficulty with construing a habeas petition as a civil rights complaint is that the two forms
7  used by most prisoners request different information and much of the information necessary
8  for a civil rights complaint is not included in the habeas petition filed here. Examples of the
9  potential problems created by using the habeas petition form rather than the civil rights
10 complaint form include the potential omission of intended defendants, potential failure to
11 link each defendant to the claims, and potential absence of an adequate prayer for relief.
12 Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee
13 (which was $250.00 when this action was filed but is now $350.00) rather than the $5.00
14 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a
15 matter of using different pleading forms. A habeas action differs in many ways from a civil
16 rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court
17 may be able to make credibility determinations based on the written submissions of the
18 parties in a habeas action, (3) state court (rather than administrative) remedies must be
19 exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is
20 the warden in charge of the prison, but he or she might not be able to provide the desired
21 relief when the prisoner is complaining about a condition of confinement, and (5) damages
22 cannot be awarded in a habeas action. While a prisoner may think he has found a loophole
23 that allows him to save $345.00 – by filing a habeas petition with a $5.00 fee rather than the
24 usual $350.00 fee for a civil action – the loophole proves unhelpful because he ultimately
25 cannot proceed in habeas and will be charged the $350.00 filing fee to challenge conditions
26 of confinement. It is not in the interest of judicial economy to allow prisoners to file civil
27 rights actions on habeas forms because virtually every such case, including this one, will be
28 defective at the outset and require additional court resources to deal with the problems

1 created by the different filing fees and the absence of information on the habeas form.

2     For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED
3 without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably
4 using the court's civil rights complaint form, after he has exhausted California's prison
5 administrative remedies. See 42 U.S.C. § 1997e(a).

6     In light of the dismissal of this action, the in forma pauperis applications and the
7 motion for appointment of counsel are DENIED. (Docket # 2, # 3 and # 5.)  The clerk is
8 instructed to mail a copy of the prisoner civil rights complaint form to petitioner.

9     IT IS SO ORDERED.
10 DATED: July __, 2006

                                        Marilyn Hall Patel
                                        United States District Judge